UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES L. PFENNING, | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
|   v. | )   CASE NO. 1:06-CV-279 |
| | ) |
| OFFICER TOM CLARKSON, OFFICER | ) |
| TRACY HARKER, OFFICER MIKE | ) |
| SPRUNGER, OFFICER KEVIN BROWER | ) |
| DETECTIVE JEFF BOYD, INDIANA STATE | ) |
| POLICE TROOPER AL MARTINEZ, | ) |
| INDIANA STATE POLICE, CITY OF | ) |
| LAGRANGE, and LAGRANGE COUNTY | ) |
| SHERIFF GREGG DHEANE, | ) |
| | ) |
|    Defendants. | ) |

## OPINION AND ORDER

Before the court are a series of motions from various defendants including two Motions to Dismiss, one filed by Defendants Indiana State Police ("the State Police"), the other by the City of Lagrange ("the City"), and a Motion for Judgment on the Pleadings filed by Defendant Lagrange County Sheriff Gregg Dheane ("the Sheriff"). In addition to these defendants' motions, plaintiff James Pfenning ("Pfenning") filed a Motion to Remand the case to state court. While these motions were pending, the Plaintiff filed an Amended Complaint. Thereafter, the defendants renewed their previous motions as to the Amended Complaint.[1] For the following reasons, the Motion to Remand

---

[1] The State Police filed its Motion to Dismiss the Amended Complaint on December 22, 2006 and the City filed its Motion to Dismiss the Amended Complaint on January 11, 2007. On January 3, 2007, Sheriff Dheane filed his Motion for Judgment on the Pleadings as to the Amended Complaint. Responses to these renewed motions were promptly filed, the last being filed on January 16, 2007. All of the motions reiterate the same arguments as the parties' original motions but have simply been filed to clarify that the motions are now directed at the Amended Complaint.

1

is DENIED; the Motions to Dismiss are GRANTED as to claims under 42 U.S.C. §1983, and the Motion for Judgment on the Pleadings is GRANTED as to claims under 42 U.S.C. §1983.

## Background

On July 18, 2006, Pfenning filed the present action in LaGrange County Superior Court pursuant to 42 U.S.C. §1983 alleging excessive force in violation of the Fourth and Fourteenth Amendments and a state law claim of battery. Subsequently, on August 9, 2006, the defendants removed the action to this Court pursuant to 28 U.S.C. §§1441 and 1446.

The facts giving rise to the filing of the Complaint are as follows: Pfenning is a resident of Howe, Indiana. On November 7, 2005, Pfenning arrived at his property located at SR9 North at approximately 4:05 p.m. While Plaintiff was engaged in target practice, the defendant law enforcement officers began gathering down the road from Pfenning's property. Shortly after assembling, officers approached Pfenning and shouted "stop now! Put your hands up!" Pfenning complied and turned to see numerous officers with firearms drawn pointed at him. In addition, Pfenning saw a large German shepherd police dog accompanying the law enforcement officers. The officers ordered Pfenning to the ground. Pfenning again complied and attempted to explain that he was the owner of the property and was shooting at targets. Each time Pfenning began explaining what he was doing on the property, Defendant Kevin Brower yelled at him and threatened to shoot him. Pfenning then received a knee to the back by Defendant Officer Harker and was handcuffed by three or four other officers. Pfenning was then subjected to a search and his wallet was taken from him.

Pfenning remained lying prone on the ground for the entirety of this encounter, even after it was clear to officers that he was unarmed and handcuffed. Pfenning advised the officers several

times that the handcuffs were too tight but the officers refused to loosen them.  After running a background check, officers returned Pfenning's wallet to him and released him.  During this time Pfenning heard the officers joking about the incident and indicating that the incident made for an "exciting afternoon" and served to "get them out of the office."  Pfenning was not arrested on this date nor was he formally charged with any criminal offense.

After these events, Pfenning filed the instant case wherein he alleges excessive force against the individual defendants in violation of the Fourth and Fourteenth Amendment.  In addition, Pfenning asserts pendent state law claims of battery.  As to the municipal and state defendants, the Amended Complaint indicates that these entities are named "in their representative capacities as the employers of the individually named Defendant officers."  (Amended Complaint, ¶3).  The Amended Complaint further states that the municipal, county and state defendants are "liable for the tortious acts of their employees under a theory of *respondeat superior*."  (*Id.* at ¶4).  It is this latter allegation that spawned the present motions, which motions the court shall address after discussing the Plaintiff's Motion to Remand.

## **Motion to Remand**

Shortly after the filing of the Complaint, defendants jointly removed this action to federal court. Subsequently, Plaintiff filed a motion to remand asserting that this court lacked subject matter jurisdiction over the cause because the removed case included a claim against a state actor or agency that would be barred by the Eleventh Amendment.  *See Schacht v. Wisconsin Dept. Of Corrections*, 116 F.3d 1151 (7th Cir. 1997).  In its response to the Plaintiff's motion, Defendants noted that the *Schacht* case had been reversed by the Supreme Court, see *Wisconsin Dept. Of Corrections v, Schacht*, 524 U.S. 381 (1998) and that under this authority the presence of an Eleventh Amendment-

3

barred claim does not destroy removal jurisdiction that would otherwise exist. Subsequently, the Supreme Court, in *Lapides v. Board of Regents of University System of Georgia,* 535 U.S. 613 (2002), held that by joining in removal of a case to federal court, the state waives its Eleventh Amendment immunity as to state-law claims against it.

After Defendants pointed out these authorities, Plaintiff conceded "that the subject matter jurisdiction has not been destroyed for the purposes of hearing the above case in Federal Court provided that in the future, the Defendants Gregg Dheane, Sheriff of LaGrange County, and the Indiana State Police do not raise an Eleventh Amendment immunity defense to the Plaintiff's claims." (Pltf. Reply at p. 1). Accordingly, the Motion to Remand is DENIED as MOOT.

**The Remaining Motions**

In his Amended Complaint, Pfenning alleges that the City, the State Police and the Sheriff are liable for the actions of their employees under the doctrine of respondeat superior and that the conduct of each of the Defendants was intentional, malicious, and in reckless disregard of the Pfenning's rights under the Fourth and Fourteenth Amendments. From this allegation, the defendants extract that Pfenning is suing them under the procedural vehicle of 42 U.S.C. 1983. Since States and their departments are not "persons" that may be sued under § 1983,. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 66-67 (1989); *Witte v. Wis. Dep't of Corr.,* 434 F.3d 1031, 1036 (7th Cir.2006), the State Police has moved to dismiss this claim against them. Likewise, because municipal entities cannot be held vicariously liable for the acts of their employees under Section 1983 on a *respondeat superior* theory, see *Auriemma v. Rice*, 957 F.2d 397, 399 (7th Cir.1992) (citing *Monell v. New York Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)), both the City and the Sheriff seek to dismiss the excessive force claim brought pursuant

4

to 42 U.S.C. §1983.

With respect to the State, Pfenning is in agreement that he cannot sue the State pursuant to 42 U.S.C. §1983. Likewise, with respect to the City and the Sheriff, Pfenning acknowledges the basic principle that a municipality can have no liability under § 1983 simply because it employs the alleged wrongdoer; he must identify a municipal policy or custom that caused the injury and allege that the constitutional injury was caused by a person with final policymaking authority. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978); *Bd. of the County Comm'rs v. Brown,* 520 U.S. 397, 403-04. Pfenning goes on, however, to assert that his Amended Complaint was only intended to bring a claim against the City, the Sheriff, and the State under state law for battery. Pfenning contends that while he may not state a claim under §1983 against these entities, he is entitled to assert an Indiana state claim for battery under a theory of *respondeat superior* without having to plead a municipal policy or custom. Thus, Pfenning appears in agreement that the motions filed by the City, the Sheriff, and the State may be granted as to the §1983 claims since he acknowledges that he did not intend to bring such claims against these entities.

As for the state law battery claim, Pfenning notes that under Indiana law, if a police officer uses unnecessary or excessive force, the officer may commit the torts of assault and battery. *Crawford v. City of Muncie,* 655 N.E.2d 614, 622 (Ind.App.1995); *City of South Bend v. Fleming,* 397 N.E.2d 1075, 1077 (Ind.App.1979). In *Kemezy v. Peters*, 622 N.E.2d 1296, 1298 (Ind.1993), the Indiana Supreme Court held that when a police officer commits a tortious act it may fall within the scope of his employment "if his purpose was, to an appreciable extent, to further his employer's business." *Stropes v. Heritage House Childrens Ctr.* (1989), Ind., 547 N.E.2d 244, 247. Thus, consistent with the holding in *Kemezy,* Indiana courts have held that "police officers *and the*

5

*governmental entities that employ* them" can be found liable for battery claims by individual employees. See *Rising-Moore v. Wilson,* 2005 WL 1607187, *12 (S.D.Ind. 2005) (emphasis added);, *Fidler v. City of Indianapolis* 428 F.Supp.2d 857, 866 (S.D.Ind. 2006).   This is true despite the extensive immunity coverage provided by the Indiana Tort Claims Act.

None of the Defendants have challenged in their motions the above principal with respect to Pfenning's potential state law claim.  Rather all the Defendants' motions focus on the claim for excessive force brought pursuant to 42 U.S.C. §1983.  To the extent that the Amended Complaint can be read to assert §1983 claims against the City, the Sheriff, or the State, the Motions to Dismiss and the Motion for Judgment on the Pleadings are GRANTED as to claims of excessive force under §1983.  However, the motions are DENIED as to the state law claim of battery.  Claims of excessive force and state law battery also remain against the individual defendants.

## CONCLUSION

Based on the foregoing, the Motion to Remand is DENIED as MOOT.  To the extent that the Amended Complaint can be read to assert official capacity  §1983 claims against the City, the Sheriff, or the State, the Motions to Dismiss and the Motion for Judgment on the Pleadings are GRANTED as to these claims.  However, the motions are DENIED as to the state law claim of battery.  The case shall proceed on the claims of excessive force against the individual defendants pursuant to 42 U.S.C. §1983 and as to all defendants relating to the state law claim of battery.

 Entered: This 23rd day of January, 2007

s/ William C. Lee
United States District Judge
